LLOVE, Judge.
Plaintiff, James Blackford, appeals the judgment of the trial court dismissing his claims against defendant, Chateau East, Inc. (hereinafter “Chateau East”). Mr. Blackford claims that during the course and scope of his employment at Chateau East he injured his back, entitling him to Workers’ Compensation benefits. For the reasons outlined below, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

James Blackford (hereinafter “Black-ford”) was employed by Curtis Liverette (hereinafter “Liverette”), owner of Chateau East. They first met in June 1998, when Liverette purchased Parc D’ Orleans, an RV/Trailer Park, where Black-ford lived. His rent was delinquent with the previous owner of Parc D’ Orleans, so an arrangement was made wherein he would perform various maintenance tasks at Parc D’ Orleans in exchange for rent. Shortly after this arrangement was made, it was changed such that Blackford would pay money for rent. His rent quickly *954 became delinquent again. Liverette then offered Blackford employment at Chateau East, which is a reception hall that hosts catered events. First, Blackford was to maintain the lawn, but after explaining to Liverette about his chronic back pain, which was due to a maritime accident that occurred in 1993, | ¡¡.Liverette found alternative jobs for Blackford. Liverette even helped Blackford get counsel to pursue a Jones Act claim for the accident in 1993; however, that claim had prescribed. Blackford attempted washing dishes in the kitchen but was able to perform only one shift because of his pain. Similarly, he could not assist in making sandwiches for catered events because the constant standing caused him so much discomfort. Blackford has been receiving treatment at Charity Hospital for chronic pain since 1993 and was seen working around Chateau East using a back brace and a TENS unit, which is an electrical device used to reduce pain. Finally, Liverette offered Blackford a job as DJ in August 1998. DJ’s would typically help clean up after events and help arrange tables and chairs; however, in consideration of his back problems, Liverette waived these requirements and reduced his pay accordingly. Black-ford claims that he was injured at Chateau East in November 1998, as he attempted to move a table. He continued to work as a DJ regularly through May 1999.
After several months of being delinquent on his rent, Blackford was asked to leave Parc D’ Orleans in May 1999. He had no further contact with Liverette. In June 1999, Blackford moved to the Brant-ley Baptist Mission in New Orleans, where he currently resides. He is allowed to stay indefinitely in exchange for working at the mission in a clerical capacity. He was given free room and board, free laundry service, and access to a television and a phone. A vocational rehabilitation counselor consulted with Blackford, and gave him numerous employment opportunities, taking into account his physical disability. He did not follow up on these opportunities.
The trial court found that Blackford failed to prove by a preponderance of the evidence that he aggravated a pre-existing back injury during the course and ¡¡¡scope of his employment at Chateau East. Accordingly, the trial court found for the defendant and dismissed Blackford’s claims. It is from this judgment that Blackford takes the instant appeal.

DISCUSSION

It is well settled that a trial court’s findings of fact will not be disturbed unless the record established that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous. Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173.
Based on the paucity of evidence presented to support Blackford’s claim, we find that the trial court committed no error in finding for the defendant. Nothing was presented at trial to substantiate that Blackford injured himself at Chateau East while working as a DJ in November 1998. There is no record of the injury at Charity Hospital, where Blackford was receiving regular treatment for his chronic back pain. Dr. Morris Kloor, Jr., MD, who was treating Blackford for depression, had no information in his record about an injury in November 1998, even though Blackford told him about the injury in 1993, and about an epidural he received at charity hospital in February 1999. Two New Orleans Police officers, Leona Thompson and Alfred Wilson, who worked security detail at Chateau East during the time that Blackford was employed there, stated that he never helped clean up after events. Furthermore, they both stated that Black-ford never told them about the injury in *955 November, even though he told them about his chronic pain on numerous occasions. James Wolfe, who served as bartender at Chateau East, also testified that Blackford never did any clean up work after the events.
|/There was no evidence presented at trial to corroborate Blackford’s claim that he injured himself at Chateau East. In fact, the evidence presented at trial shows that he never performed the type of work that he claims caused his injury.

CONCLUSION

We find that the trial court was reasonable in finding that Blackford was unable to meet his burden at trial and therefore correctly found in favor of the defendant Chateau East.
AFFIRMED.